JS 44
(Rev. 12/96)

# CIVIL COVER SHEET   Rct 114337

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GENARO GALVAN HERNANDEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF SANDRA GALVAN TAPIA, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER UNDER THE TEX. WRONGFUL DEATH ACT

## DEFENDANTS
DAIMLERCHRYSLER CORPORATION AND J&M MOTORSALES, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   **Mexico**
(EXCEPT IN U.S. PLAINTIFF CASES)

United States District Court
Southern District of Texas
FILED

OCT 20 2000

Michael N. Milby
Clerk of Court

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
See attachment.

ATTORNEYS (IF KNOWN)
See attachment.

# B-00-168

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☒ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332 diversity jurisdiction; cause of action for automobile accident occuring in Mexico

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10/20/00

SIGNATURE OF ATTORNEY OF RECORD   Jaimie A. Sieng
w/ permission
N. Bates

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____

United States District Court
Southern District of Texas
FILED

OCT 2 0 2000

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

GENARO GALVAN HERNANDEZ, §
INDIVIDUALLY, AND AS §
REPRESENTATIVE OF THE ESTATE §
OF SANDRA GALVAN TAPIA, §
DECEASED, AND FOR AND ON §
BEHALF OF ALL THOSE ENTITLED §
TO RECOVER FOR HER DEATH §
UNDER THE TEXAS WRONGFUL §
DEATH ACT §
 §
VS. §
 §
DAIMLERCHRYSLER CORPORATION §
and J&M MOTOR SALES, INC §

CIVIL ACTION NO. **B-00-168**

## DAIMLERCHRYSLER CORPORATION'S
## NOTICE OF REMOVAL AND BRIEF IN SUPPORT

TO: The United States District Court for the Southern District of Texas, Brownsville
Division.

COMES NOW DaimlerChrysler Corporation, Defendant in the above-styled

cause, and files this Notice of Removal of said cause to the United States District Court

for the Southern District of Texas, Brownsville Division, and would respectfully show

the Court as follows:

I.

On April 6, 2000, Plaintiffs Genero Galvan Hernandez, Individually, and as

Representative of the Estate of Sandra Galvan Tapia, Deceased, and on behalf of all

those entitled to recover for her death under the Texas Wrongful Death Act commenced

an action against DaimlerChrysler Corporation in the 357th District Court, Cameron

County, Texas, Cause No. No.2000-04-1500-E.   Copies of all process, pleadings, and orders that have been received by DaimlerChrysler Corporation are attached hereto.

II.

The above-described action is one in which this Court has original subject matter jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by DaimlerChrysler Corporation pursuant to the provisions of 23 U.S.C. § 1441(a), in that, it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff and the deceased are citizens of Mexico.   DaimlerChrysler Corporation  is a Delaware corporation with its principal place of business in Michigan. J&M MotorSales, Inc. (hereinafer J&M) is a Texas Corporation that has its principal place of business in Texas.  However, as set forth below, because J&M has been fraudulently joined to defeat diversity and/or Plaintiffs have abandoned their claims against J&M, its citizenship should be disregarded in determining whether this Court can exercise diversity jurisdiction.  Such citizenship of the Plaintiff and the Defendant as alleged above existed at the time this suit was commenced and remains unchanged at the time of removal.  Complete diversity of citizenship exists (when the fraudulently joined defendant is ignored) as required by 28 U.S.C. § 1441(b), and therefore removal is permissible.

This case meets the jurisdictional amount in question required by Section 1441(a). Plaintiffs concede that the amount in controversy exceeds $75,000.  Plaintiffs' Original Petition states:

As a result of the death of Sandra Galvan Tapia, Deceased, Plaintiff Genaro
Galvan Hernandez has suffered in the past and in the future, including
pecuniary damages, mental anguish, a loss of consortium and a loss of
inheritance, for which damages are sought under the Texas Wrongful Death
Act in an amount far in excess of the minimal jurisdictional limits of this
Court, and the minimum $75,000.00 jurisdictional limits of the federal
courts.

III.

This lawsuit arises out of an accident that occurred in the State of Tamaulipas,

Mexico on March 6, 2000. **Exhibit 1** (Plaintiff, Genaro Galvan Hernandez, as

Representative of the Estate of Sandra Galvan Tapia, Answers to Defendant,

DaimlerChrysler Corporation's First Set of Interrogatories) at Response to Interrogatory

No. 9. The deceased driver, Sandra Galvan Tapia, was struck from the rear by a bus

which then fled — the Mexican authorities are in the process of prosecuting the driver of

the bus, Jorge Luna Nava, a citizen and resident of Mexico, for manslaughter and fleeing

the scene. *See* **Exhibit 2** (Affidavit of Fermin Salinas). The bus was owned and operated

by Autotransportres Noreste, S.A. de C.V. (hereafter "Autotransportes")[1] who is also a

target of the Mexican prosecution. *Id.* Sandra Galvan Tapia was and is a citizen and

resident of Mexico. *See* **Exhibit 1** at Response to Interrogatory No. 1. Similarly, Plaintiff

Genaro Galvan Hernandez, Sandra Galvan Tapia's father, is a citizen and resident of

---

[1]      DaimlerChrysler Corporation's investigation suggests that the proper
corporate name of Autotransportes is actually Autobuses del Noreste, S.A. de C.V. *See*
**Exhibit 2**.  While investigation is ongoing, Autotransportes Noreste, S.A. de. C.V.
appears to be a d/b/a of Autobuses del Noreste, S.A. de C.V.  The term Autotransportes
is used generically to refer to both Autotransportes Norestes, S.A. de C.V. and Autobuses
del Noreste, S.A. de C.V.

Mexico. *See* **Exhibit 3** (Excerpts from the deposition of Genaro Galvan Hernandez) at 5;

**Exhibit 4** (Plaintiff, Genaro Galvan Hernandez', Individually, Answers to Defendant,

DaimlerChrysler Corporation's First Set of Interrogatories) at Response to Interrogatory

No. 1.

According to Plaintiffs' Original Petition, the sole factual connection between Texas

and this case is that the subject vehicle was sold used to someone other than the plaintiffs

by J&M Motor Sales, Inc. *See* **Exhibit 5** (Plaintiffs' Original Petition) and **Exhibit 6**

(Certified Copy of Title History).

While removal was not proper on the face of Plaintiffs' Original Petition,

DaimlerChrysler Corporation has recently discovered evidence compelling the conclusion

that J&M has been "fraudulently joined" to this action to defeat diversity and/or that

Plaintiffs have abandoned any claims against J&M.   The correct standard for evaluating

this removal on the theory of "fraudulent joinder" is whether "there is any reasonable basis

for predicting that [Plaintiffs] might be able to establish [J&M 's] liability on the pleaded

claims in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

The Fifth Circuit "has endorsed a summary judgment-like procedure for reviewing

fraudulent joinder claims . . . [and] a federal court may consider `summary judgment-type

evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder

claim." *Id.* at 700 (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259

(5th Cir. 1995)).   Two bases support removal under the doctrine of fraudulent joinder

and/or abandonment:   (1) recently discovered evidence compels the conclusion that

4

Plaintiffs have no cause of action under applicable law — in this case, the law of the State of Tamaulipas, Mexico; and (2) recently discovered evidence establishes collusion between Plaintiffs and co-defendant J&M and that Plaintiffs have abandoned any claims against that co-defendant. Without reference to the fraudulently joined party, J&M, there is complete diversity and removal is appropriate. 28 U.S.C. § 1446(b).

*RECENTLY ESTABLISHED FACTS REVEAL THAT*
*PLAINTIFFS HAVE NO CAUSE OF ACTION AGAINST*
*J&M MOTOR SALES, INC. AS A MATTER OF LAW*

DaimlerChrysler Corporation has recently established, through discovery and its own independent investigation, that the pertinent facts require application of the law of the State of Tamaulipas, Mexico to the subject suit. Under applicable Mexican law, Plaintiffs have no cause of action against J&M as a matter of law. J&M is therefore a fraudulently joined defendant who does not defeat diversity.

## A.    Recently Discovered Evidence

The law applicable to this case was not apparent on the face of Plaintiffs' Petition. As set forth below, Texas choice of law analysis involves an evaluation of four factual "contacts" including the place of injury, the place of the conduct causing injury, the citizenship and residency of the parties, as well as the location where the relationship between the parties was centered. On October 9, 2000, Plaintiff Genaro Galvan Hernandez was deposed. *See* **Exhibit 3.** At that time, DaimlerChrysler Corporation established that there was no relationship between the Plaintiffs and both DaimlerChrysler Corporation and J&M other than the accident itself which occurred in Mexico. *Vizcarra*

5

*v. Roldan,* 925 S.W.2d 89, 91 (Tex. App. — El Paso 1996, no writ) ("Because the record reflects no relationship whatsoever between any plaintiff and any defendant until the accident, the entire relationship between the Roldans on the one hand and Vizcarra and Rock Shop on the other, consists of an accident that occurred in Mexico"). Prior to establishing this fact, DaimlerChrysler Corporation was not in a position to remove this case. Therefore, removal is timely under 28 U.S.C. § 1446(b).

**B.    Mexican Law Should Be Applied to Determine Whether There Is a Reasonable Basis for Predicting That Plaintiffs Might Be Able to Establish a Claim Against J&M**

A claim of fraudulent joinder must be evaluated in the context of the appropriate law governing the case — a choice of law analysis must be conducted to determine what law applies. *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1562 (11th Cir. 1989) (remanding for determination of whether a defendant was fraudulently joined as a matter of Costa Rican law). In assessing what law should apply to the merits of this case, this Court should apply Texas' choice of law principles. *See e.g., Huddy v. Fruehauf*, 953 F.2d 955, 956 (5th Cir. 1992) (citing *Klaxon v. Stentor Electric Mfg.*, 313 U.S. 487 (1941)); *Bonti v. Ford Motor Co.*, 898 F.Supp. 391 (S.D. Miss. 1995), *aff'd*, 85 F.3d 625 (5th Cir. 1996). Choice of law, obviously, is a question of law for the Court. *Minnesota Mining and Manufacturing Company v. Nishika, Ltd.*, 955 S.W.2d 853, 856 (Tex. 1996).

The substantive law of the State of Tamaulipas, Mexico applies to Plaintiffs' claims against J&M as well as to their claims against DaimlerChrysler Corporation. Texas employs the "most significant relationship" test set forth in § 6 and § 145 of the

6

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS to determine the substantive law that applies to tort cases. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). In assessing which jurisdiction has the "most significant relationship," courts are instructed to consider the following four factual "contacts":

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

*Id.* at 319. With these "contacts" in mind, courts determine the following "factors" to ascertain which state has the "most significant relationship":

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

*Id.* at 318-319.

In the present case, the relevant "contacts" and "factors" unambiguously dictate that the substantive law of the State of Tamaulipas, Mexico govern Plaintiffs' claims against

J&M as well as DaimlerChrysler Corporation.

*Place of Injury*:  Generally speaking, in actions governing personal injury, property damage or wrongful death, "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless with respect to the particular issue, some other state has a more significant relationship." RESTATEMENT (SECOND) OF CONFLICTS OF LAWS §§ 146 (personal injury), 147 (injuries to tangible things) and 175 (wrongful death).  This is true even where the conduct alleged to give rise to the injuries occurred in a different state.  *Id.*  at § 146, comment e (personal injury), 147, comment e (injuries to tangible things) and § 175, comment f (wrongful death); *see also Trailways v. Clark*, 794 S.W.2d 479, 485 (Tex.  App. — Corpus Christi 1990, writ denied).

It is undisputed that Plaintiffs were injured in the State of Tamaulipas, Mexico.  *See* **Exhibit 1** at Response to Interrogatory No. 9.

*Place Where the Conduct Causing Injury Occurred*:  The accident resulted from the negligence of Jorge Nava Luna and/or his employer, Autotransportes, which occurred in Mexico.  Mr. Luna rear-ended Sandra Tapia's vehicle.  *See* **Exhibit 2.**  With regard to the plaintiffs' unsubstantiated claims, that the vehicle was "defective," the subject vehicle was designed in Michigan, and manufactured and sold in Canada.  *See* **Exhibit 7** (Affidavit of James M. Currin).  To the extent is can be considered wrongful or a very remote cause of plaintiffs' injuries, J&M sold the car used to a buyer besides Plaintiffs in Texas.  *See*

8

Exhibit 5. [2]

The alleged wrongful conduct in this case is therefore spread over Michigan, Canada, Mexico, and to a questionable degree, Texas.

As noted above, the local law of the state where the injury occurred generally controls in cases where the conduct allegedly causing injury occurs in a different state. RESTATEMENT (SECOND) OF CONFLICTS OF LAWS §§ 146 (personal injury), 147 (injuries to tangible things) and 175 (wrongful death).   Particularly here, where the alleged wrongful conduct is dispersed over another foreign state and nation, the balance favors application of Mexican law (especially as some wrongful conduct occurred in Mexico which is also the place of injury).

*Domicil, Residence, Nationality, Place of Incorporation and Place of Business of the Parties*:  Plaintiffs are citizens of Mexico (or were at the time of the accident).  *See* discussion and citations, *supra*.  Both reside or resided in Mexico.  *Id.*

DaimlerChrysler Corporation is incorporated under the laws of the State of Delaware and maintains its principal place of business is in Michigan.  *See* **Exhibit 7**. DaimlerChrysler Corporation's subsidiary, Chrysler de Mexico, S.A., is a Mexican corporate entity with its headquarters in Mexico City.  *See* **Exhibit 8**. (Affidavit of

---

[2]DaimlerChrysler Corporation concedes that the subject vehicle was first sold to a consumer in Texas.  *See* **Exhibit 6** (Certified Copy of Title History).  However, neither J&M Motors Sales, Inc. nor DaimlerChrysler Corporation first sold the subject vehicle to a consumer so this factor has no bearing as to what law should apply to Plaintiffs' claims against J&M or DaimlerChrysler Corporation.  *See* **Exhibit 7**   (sale of vehicle by DaimlerChrysler Corporation final upon delivery to carrier in Canada).

Alejandro Canales Garcia); *Vizcarra* 925 S.W.2d at 92 ("Where defendant did business in Mexico, Mexico had policy interest in applying its law, including the protection intended by limited damages, inasmuch as Rock Shop maintains a warehouse and does business in Mexico"). J&M motors Sales, Inc., it is presumed, is a Texas corporation that does business in Texas.

This contact dicates application Mexican law to all claims against DaimlerChrysler Corporation, as well as J&M. Plaintiffs are Mexican citizens and residents. DaimlerChrysler Corporation, through its subsidiary, has strong ties with Mexico, giving that country a significant interest in applying its law. The conduct of J&M Motors Sales, Inc. is so far removed from Plaintiff's injuries that it is all but irrelevant in determining what jurisdiction possesses the "most significant relationship" to this litigation. *See e.g. Minnesota Mining* 955S.W.2d at 856 (holding that courts should evaluate the "quality" of the contacts).

*The Place Where the Relationship, If Any, Between the Parties Is Centered*: Sandra Galvan Tapia, a citizen and resident of Mexico, was driving a Plymouth Voyager in Mexico at the time of the accident. Apart from the accident in Mexico, Plaintiffs had no relationship with J&M Motors Sales, Inc. or DaimlerChrysler Corporation. *See* **Exhibit 3** at 29-31; *Vizcarra*, 925 S.W.2d at 91 ("Because the record reflects no relationship whatsoever between any plaintiff and any defendant until the accident, the entire relationship between the Roldans on the one hand and Vizcarra and Rock Shop on the other, consists of an accident that occurred in Mexico"). This "contact" favors application

10

of Mexican law.

Therefore, both in terms of quantity and quality, the "contacts" point to the application of Mexican law — here the law of the state of Tamaulipas. With these "contacts" in mind, the remaining "factors" can be evaluated in their proper context and quite naturally resolve themselves in favor of applying Mexican law.

*The Needs of the Interstate and International Systems*: Mexico has a genuine and the predominate interest in regulating its roadways, governing its affairs, balancing its economic interests with the protection of its citizens and businesses in the manner Mexico sees fit, and enforcing its laws without the interference of the United States or anyone else. *Vizcarra*, 925 S.W.2d at 92; *Feldman v. Acapulco Princess Hotel*, 520 N.Y.S.2d 477, 486-487 (N.Y.Sup.Ct. 1987). The State of Tamaulipas has gone so far as to affirmatively state its desire to have its laws govern in case where conduct that occurs elsewhere takes effect within its borders. *See* discussion below and supporting materials relating to Article 13 of the Civil Code of Tamaulipas. This accident involves Mexican nationals, a Mexican accident, and implicates the Mexican interest in protecting Chrysler de Mexico. *Vizcarra*, 925 S.W.2d at 92 ("Here, however, Mexico indeed has a policy interest in applying its law, including the protection intended by limited damages, inasmuch as Rock Shop maintains a warehouse and does business in Mexico"). There is an ongoing Mexican prosecution of Autotransportes and Jessie Luna Nava stemming from the accident. This "factor" favors application of Mexican law.

*The Relevant Policies of the Forum*: Texas has little or no interest in the subject

11

litigation. Texas' interest is limited to the fact that the subject vehicle traveled through Texas in the stream of commerce. These interests are substantially outweighed by Mexico's interests in managing its own internal affairs and regulating its roadways and businesses. *See Vizcarra, supra*.

*The Relevant Policies of Other Interested States*:  No other state has interests as compelling as Mexico's with regard to the subject litigation. Michigan and Canada have some interest in this litigation, given Plaintiffs' defect allegations. As discussed above, however, these interests are generally outweighed by the interests possessed by the locale where the injuries occurred. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS §§ 146 (personal injury), 147 (injuries to tangible things) and 175 (wrongful death). Any interest possessed by Texas regarding J&M Motors Sales, Inc's (at best) remote connection to this case pales in comparison.

*The Protection of Justified Expectations*:  Plaintiffs were citizens and residents of Mexico.  Sandra Galvan Tapia was driving in Mexico at the time of the accident. Plaintiffs have no justifiable expectation that anything other than Mexican law should apply.

*The Basic Policies Underlying the Field of Law*:  As noted in the RESTATEMENT (SECOND), "[a] rule which exempts the actor from liability for harmful conduct is entitled to the same consideration in the choice-of-law process as is a rule which imposes liability." RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145, comment c.  The state and federal governments in Mexico have made policy decisions regarding tort liability and

12

gave effect to the laws of Mexico in a tort action similar to the instant case. There is no reason to believe that Texas Courts are any less capable in this regard than courts elsewhere. Professor Leflar's conclusion seems sound: "Few states and few civilized nations today have judicial remedies that cannot be approximated in any American state." [citation omitted].

*Gutierrez*, 583 S.W.2d at 320-321.

The "factors," when viewed in conjunction with the "contacts" present in this case, manifestly require application of Mexican law to this case.

The Honorable Judge Hilda Tagle's order in *Jorge Luis Machuca Gonzalez, et al. v. Chrysler Corporation et al.*, Cause NO. B-98-75 (S.D. Tex. February 18, 2000) (attached as **Exhibit 9**) erases any doubt as to the applicability of Mexican law. In the process of dismissing the plaintiff's product claims in that case, Judge Tagle held that Mexican law would apply to the merits on substantially similar facts:

> First the injury occurred in Mexico. Plaintiffs claim that, in considering the second element, the Court should apply the law of the state where the automobile or the air bag was designed, either Michigan, Ohio or Texas law. The *Crisman* and *Perry* decisions, *supra*, control this issue. In a product liability case, the place where the product enters the stream of commerce has an interest in applying its laws. The automobile entered the stream of commerce in Mexico where it was purchased. Third, Plaintiffs are Mexican citizens and residents. Defendants, although American companies, conduct business in Mexico. Finally, the relationship between these parties is focused, if anywhere, in Mexico, where the Plaintiff's bought and registered their automobile. Texas courts do not have an interest in trying this case.

> Plaintiffs fail in their attempts to demonstrate a Texas connection to or interest in this case. At most they have shown that Mr. Machuca saw some advertisements and talked to a couple of dealerships in Houston, Texas; that the automobile probably passed through Texas when it was shipped to Mexico. Because it can hardly be said that Texas is the forum with the most significant contacts to this case, the law of Mexico rather then

Texas should apply.

*Id.* The law of Tamaulipas, Mexico applies to Plaintiffs' claims against both J&M motors Sales, Inc and DaimlerChrysler Corporation.

**C.    Plaintiffs Have No Cause of Action under Mexican Law against J&M**

As set forth in **Exhibit 10** (Affidavit of Roberto Calvo Ponton), Plaintiffs do not possess a cause of action under the law of Tamaulipas, Mexico against a used car dealer who sold a vehicle to someone other than a plaintiff.

Because Plaintiffs have no cause of action against J&M under the applicable law, the law of the State of Tamaulipas, Mexico, J&M is a fraudulently joined party that does not defeat diversity. Removal is therefore appropriate.

*PLAINTIFFS HAVE EXPRESSLY ABANDONED
THEIR CLAIMS AGAINST J&M*

Certain relevant and undisputable facts are apparent. Plaintiffs sued J&M as well as DaimlerChrysler Corporation on April 6, 2000. Plaintiffs thereafter requested service upon J&M *See* **Exhibit 11** (Certified Copy of Docket Sheet). Service was made shortly thereafter. *Id.* In the intervening months, J&M has not answered. *Id.* Significant deadlines associated with the Court's scheduling order have come and gone. *See* **Exhibit 12** (Court's Scheduling Order). Plaintiffs have never sought a default judgment which has been an available remedy for several months.

Beginning in late September, DaimlerChrysler Corporation began investigating J&M's failure to answer. David Lopez, an investigator for the undersigned, contacted the

principals of J&M, Messrs. Uvaldo Garza and Jorge Garza. *See* **Exhibit 13** (Affidavit of David Lopez). Mr. Lopez communicated an offer to J&M to defend the subject action and indemnify J&M *Id.* The Garza's response was surprising. *Id.*

The Garzas at first agreed to consider DaimlerChrysler Corporation's offer. *Id.* When an agreement to indemnify was proffered, however, the Garzas refused to sign the agreement. *Id.* They stated that such an agreement was unnecessary. *Id.* The reason proffered was that they had previously reached a signed, written agreement with Plaintiffs' counsel, Mr. Ray Marchan, to the effect that Plaintiffs would not pursue their claims against J&M *Id.*

The conduct of Plaintiffs' counsel in agreeing not to pursue Plaintiffs' claims against J&M has the legal effect of rendering this case removable. Either J&M can be viewed as a fraudulently joined party as was the case in *Mask v. Chrysler Corp.*, 825 F.Supp. 285, 288 (N.D. Ala. 1993), *aff'd*, 29 F.3d 641 (11th Cir. 1994), or, Plaintiffs have abandoned their claims against J&M which also renders the case removable. *See e.g.*, *DiNatale v. Subaru of America*, 624 F.Supp. 340, 344 (E.D. Mich. 1985). [3]

---

[3] Plaintiffs' counsel may rely upon *Guerrero v. General Motors Corp.*, 892 F.Supp. 165 (S.D. Tex. 1995). In *Guerrero,* Plaintiffs' counsel Mikal Watts faced a similar removal allegation in that it was alleged that he had agreed not to pursue a non-diverse dealer. *Id.* In that case, Mr. Watts defeated removal by filing a sworn affidavit denying that he expressed and intent to abandon his claims against the dealer. *Id.* at 167-168. Here, the acts and omissions of J&M (their statements to David Lopez and their failure to either file an answer or accept an indemnification offer support the abandonment theory. Defendant has requested in discovery, but not received, a copy of the document that the Garzas stated they have signed absolving them of laiblity. It is, of course, unknown how Mr. Watts will respond to the abandonment allegation in this case.

16

Plaintiffs have affirmatively abandoned any claims they may possess against J&M and, for this reason, the presence of J&M does not defeat diversity and this case is removable.

IV.

Upon filing of this notice of the removal of the cause, written notice of the filing is being given by DaimlerChrysler Corporation to the Plaintiffs and their counsel as is required by law. A copy of the notice with proof of service of same is attached hereto. A copy of this notice is also being filed with the Clerk of the court in which this cause was originally filed.

WHEREFORE, Defendant DaimlerChrysler Corporation prays that the above-styled action now pending against it in the 357th District Court of Cameron County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

Jaime A. Saenz    M permission
Jaime Saenz              M Crastell
State Bar No. 17514859
Federal Admissions No. 7630
*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
956/542-7441 - Telephone
956/541-2170 - Telecopier

AND

17

*CLARK, THOMAS & WINTERS,*
**A Professional Corporation**
Burgain G. Hayes
State Bar No. 09271300
Federal Admissions No. 9304
Chris Pearson
State Bar No. 15690440
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier

ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent by certified mail, return receipt requested to all parties of record, listed below, on this the 20th day of October, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

ATTORNEYS FOR PLAINTIFFS

Jaime A. Saenz  M permission
M crsetser

18

# ATTACHMENT TO CIVIL COVER SHEET

1 (c)   Attorneys

Mikal Watts
State Bar No. 20981820
Federal Admissions No. Unknown

Ray Marchan
State Bar No. Unknown
Federal Admissions No. Unknown

HARRIS & WATTS, P.C.
555 N. Carancahua, Suite 1630
Corpus Christi, Texas 78478
361/887-0500
361/887-0055 FAX

**Attorneys for Plaintiffs**


Burgain G. Hayes
State Bar No. 92713500
Federal Admissions No. 9304
Chris Pearson
State Bar No. 15690440
CLARK, THOMAS & WINTERS
A Professional Corporation
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Telecopier)


Jaime Saenz
State Bar No. 17514859
Federal Admissions No. 7630
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
956/542-7441 - Telephone
956/541-2170 - Telecopier

**Attorneys for Defendant
Daimler Chrysler Corporation**

RUN DATE 10/20/00
RUN TIME  9:08 AM

* * * * C L E R K ' S   E N T R I E S * * * *

CERTIFIED CO

GENARO GALVAN HERNANDEZ, INDIV., ET AL

VS

DAIMLERCHRYSLER CORPORATION, ET AL

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS          78520 0000

00152101
HON. BURGAIN G. HAYES
POST OFFICE BOX 1148
AUSTIN, TEXAS          78767 0000

(01)
WRONGFUL DEATH

05/15/00   MOTION FOR TRIAL SETTING SET 6/7/00 @ 10:00 A.M. PER ORDER
05/15/00   SIGNED. RV/IGSM
06/02/00   PLTF'S MOTION TO COMPEL SET 6/7/00 @ 9:00 A.M. PER ORDER SIGNED
06/02/00   RV/IGSM
06/07/00   ORDER REGARDING PLTFS' FIRST MOTION TO COMPEL DISCOVERY FROM
06/07/00   DEFT., DAIMLERCHRYSLER CORP., AS PER ORDER.RVALDEZ/IG
06/07/00   ORDER REGARDING PLTFS' FIRST MOTION TO COMPEL DISCOVERY FROM
           DEFT., DAIMLERCHRYSLER CORP., AS PER ORDER, RVALDEZ/IG
06/07/00   TRIAL SET 1/22/01 @ 9:00 A.M. WITH ANNOUNCEMENTS 1/19/01 @
           10:30 A.M. BEFORE JUDGE ABEL LIMAS PER ORDER SIGNED. RV/IGSM
08/03/00
08/03/00   AGREED PROTECTIVE ORDER, SIGNED FOR ENTRY.RGARCIA/IG
08/14/00

04/06/00   ORIGINAL PETITI
04/06/00   CITATION: DAIMI
04/06/00      SERVED: 04/1
04/06/00   CITATION: J&M M
              SERVED): Pd. b
04/06/00   JURY FEE: Pd. b
05/08/00   CERT. OF WRITTE
05/08/00   MOTION FOR TRIA
05/10/00   ORIGINAL ANSWER
           CORPORATION
06/02/00   PLTFS' MTN TO C
           DEFT DAIMLERCH
              CORP (IGARCI
06/05/00   CERT. OF WRITTE
           5/31/00(IGARCI
06/05/00   DAIMLERCHRYSLER
06/05/00   PLTFS' NOTICE O
           (IGARCIA)
06/05/00   DEPO, SUBPO
06/05/00   DAIMLERCHRYSLER
06/05/00   PLTFS' NOTICE O
06/05/00   DAIMLERCHRYSLER
06/05/00   PLTFS' NOTICE O
06/05/00   DEPO, SUBP
06/05/00   TECUM(IGARCIA)
06/05/00   DEPO, SUBP
06/05/00   DAIMLERCHRYSLER
06/05/00   PLTFS' NOTICE O
06/05/00   DEPO, SUBPO
           (IGARCIA)

RUN DATE 10/20/00
RUN TIME 9:08 AM

GENARO GALVAN HERNANDEZ, INDIV., ET AL

VS

DAILMERCHRYSLER CORPORATION, ET AL

*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *

CERTIFIED

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS                     78520 0000

00152101
HON. BURGAIN G. HAYES
POST OFFICE BOX 1148
AUSTIN, TEXAS                          78767 0000

(01)                                   WRONGFUL DEATH

| Date | Entry |
|---|---|
| 06/05/00 | DAIMLERCHRYSLE... |
| 06/05/00 | PLTFS' NOTICE O... |
| 06/05/00 | DEPO, SUBPO... |
| 06/05/00 | DEFT DAIMLERCH... |
| 06/05/00 | TO PLTFS' NOTIC... |
| 06/05/00 | ORAL DEPO, |
| 06/05/00 | TECUM(IGARCIA) |
| 06/05/00 | DAIMLERCHRYSLE... |
| 06/05/00 | PLTFS' NOTICE O... |
| 06/05/00 | DEPO, SUBPO... |
| 06/05/00 | DAIMLERCHRYSLE... |
| 06/05/00 | PLTFS' NOTICE O... |
| 06/05/00 | DEPO, SUBPO... |
| 06/05/00 | DAIMLERCHRYSLE... |
| 06/05/00 | PLTFS' NOTICE O... |
| 06/05/00 | DEPO, SUBPO... |
| 06/06/00 | PLTFS' NOTICE O... |
| 06/06/00 | DEPO, SUBPO... |
| 06/06/00 | DAIMLERCHRYSLE... |
| 06/06/00 | PLTFS' MOTION ... |
| 06/06/00 | NOTICE REG... |
| 06/12/00 | SHERIDAN(IGARC... |
| 06/12/00 | DAIMLERCHRYSLE... |
| 06/12/00 | WRITTEN DISCOV... |
| 06/12/00 | (IGARCIA) |
| 06/23/00 | RULE 11 AGREEM... |
| 07/11/00 | DAIMLERCHRYSLE... |
| 07/11/00 | SUBPOENA, DUCES... |
| 07/11/00 | THE WITNES... |

CERTIFIED COPY

RUN DATE 10/20/00
RUN TIME  9:08 AM

* * * * C L E R K ' S   E N T R I E S * * * *

GENARO GALVAN HERNANDEZ, INDIV., ET AL

VS

DAIMLERCHRYSLER CORPORATION, ET AL

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS       78520 0000

00152101
HON. BURGAIN G. HAYES
POST OFFICE BOX 1148
AUSTIN, TEXAS       78767 0000

(01)
WRONGFUL DEATH

07/11/00   (RE: E-MAIL, R...
           SHEIRDAN)...
07/11/00   COURT'S ORDER...
07/25/00   CERTIFICATE OF...
7/14/00    (LROD)
           FIRST MOTI...
09/06/00   PLTFS' DESIGN...
09/19/00   WITNESSES(IGAR...
09/19/00   CERT. OF WRITT...
09/14/2000(IGAR...
09/19/00   DEFT DAIMLERCH...
           DESIGNATION OF...
09/19/00   DAIMLERCH...
10/09/00   RULE 11 AGREEM...
10/11/00   RULE 11 AGREEM...
10/11/00   RESIDENT PRACT...
10/19/00   ADMIT DAVID TY...
10/19/00   BOB FULTON...
           VICE(IGARCIA)...
10/20/00   DAIMLER CHRYSL...
10/20/00   TO DISMISS FOR...
10/20/00   NON CONVEN...
10/20/00   DAIMLER CHRYSL...
10/20/00   TO APPLY MEXIC...
           SUBJECT TO...

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CAMERON COUNTY, TEXAS — DISTRICT COURT

04/20/00  16:35 FAX 512 474 1129    CLARK THOMAS & WINTERS                      ☒003

CAUSE NO. _2000-04-1500-E_

| | |
|---|---|
| GENARO GALVAN HERNANDEZ, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF SANDRA GALVAN TAPIA, DECEASED, AND FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR HER DEATH UNDER THE TEXAS WRONGFUL DEATH ACT | IN THE DISTRICT COURT |
| Plaintiffs, | |
| VS. | OF CAMERON COUNTY, TEXAS |
| DAIMLERCHRYSLER CORPORATION, AND J&M MOTORSALES, INC. | |
| Defendants, | 357TH JUDICIAL DISTRICT |



FILED ___330___ O'CLOCK ___P___ M

AURORA DE LA GARZA DIST. CLERK

APR - 6 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS

K. Sotelo —DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Genero Galvan Hernandez, Individually, as Representative of the Estate of Sandra Galvan Tapia, Deceased, and for and on Behalf of All Those Entitled to Recover for Her Death Under the Texas Wrongful Death Act, Plaintiff herein, complaining of DaimlerChrysler Corporation and J&M Motorsales, Inc., Defendants herein, and for his cause of action would show as follows:

### I. DISCOVERY TRACK

1.1     Plaintiff pleads that this case should be assigned to Discovery Track Two.

### II. THE PLAINTIFF

2.1     Plaintiff is a citizen of the United States and is a citizen and resident of the state of Texas.

2.2     Genaro Galvan Hernandez was the father of Sandra Galvan Tapia, and brings suit herein in his individual capacity, as Representative of the Estate of Sandra Galvan Tapia, Deceased, and for and on behalf of all those entitled to recover for her death under the Texas Wrongful Death Act.

Plaintiffs' Original Petition-Hernandez                    1
MCW:mcw 4/3/2000

CEMPDF - www.fusio.com

Case 1:00-cv-00168   Document 1   Filed in TXSD on 10/20/2000   Page 24 of 78

2.3    Sandra Galvan Tapia died intestate. Her estate had no debts, and therefore an estate administration is unnecessary. Further, all the persons entitled to recover through her estate are Plaintiffs in this case.

## III. THE DEFENDANT

3.1    Defendant DaimlerChrysler Corporation is a foreign corporation, having its principal place of business in the State of Michigan and in Stuttgart, Germany, doing business in the State of Texas, and may be served with process by serving its Texas registered agent for service of process, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

3.2    Defendant J&M Motorsales, Inc. is a Texas Corporation, with its principal offices in this state in the state of Texas and may be served with process by serving it at its place of business, 1744 Lincoln Street, Brownsville, Texas 78521.

## IV. VENUE

4.1    Venue is proper in Cameron County under the General Venue Rule contained in Section 15.002 of the Texas Civil Practice and Remedies Code, because Cameron County is the county of the principal office in the state of Texas of Defendant J&M Motorsales, Inc.

## V. THE INCIDENT IN QUESTION

5.1    This suit arises out of a vehicular collision occurring on or about March 6, 2000. Sandra Galvan Tapia was riding as a belted driver in a Plymouth Voyager minivan vehicle (the "vehicle in question"), when it was impacted in the rear by another vehicle. As a result of the impact, Sandra Galvan Tapia sustained injuries which led to her eventual death.

Plaintiffs' Original Petition-Hernandez                    2
MCW:mcw 4/3/2000

Case 1:00-cv-00168   Document 1   Filed in TXSD on 10/20/2000   Page 25 of 78

5.2     Prior to the collision in question, the vehicle had been purchased from
J&M Motorsales, Inc. in Brownsville, Texas. The vehicle had not been changed or
altered, and was in substantially the same condition at the time of the accident that it
had been in when it left the control of DaimlerChrysler Corporation (by and through
its predecessor entity, Chrysler Corporation).

<u>CAUSES OF ACTION AGAINST DAIMLERCHRYSLER</u>

**VI. DAIMLERCHRYSLER'S ROLE WITH THE VEHICLE IN QUESTION**

6.1     The vehicle in question was originally designed, manufactured and sold
by the Defendant, DaimlerChrysler Corporation, by and through its predecessor entity,
the Chrysler Corporation. At the time of the sale of the vehicle in question, Chrysler
Corporation was in the business of designing, manufacturing and selling automotive
vehicles such as the vehicle in question.

**VII. DESIGN DEFECT**

7.1     At the time the vehicle in question was designed, manufactured and sold
by Defendant DaimlerChrysler, by and through its predecessor entity, Chrysler
Corporation, the same was defective in design and unreasonably dangerous, which
defective and unreasonably dangerous condition was a producing cause of the injuries
to Sandra Galvan Tapia, the physical pain and mental anguish she suffered, her death,
and of the damages suffered by Plaintiff.

**VIII. MARKETING DEFECT**

8.1     Both prior to and subsequent to the sale of the vehicle in question,
Defendant DaimlerChrysler, by and through its predecessor entity, Chrysler
Corporation, failed to give adequate and proper warnings and instructions regarding
the dangers of said vehicle, which failure rendered said vehicle defective and

Case 1:00-cv-00168   Document 1   Filed in TXSD on 10/20/2000   Page 26 of 78

5.2     Prior to the collision in question, the vehicle had been purchased from J&M Motorsales, Inc. in Brownsville, Texas. The vehicle had not been changed or altered, and was in substantially the same condition at the time of the accident that it had been in when it left the control of DaimlerChrysler Corporation (by and through its predecessor entity, Chrysler Corporation).

## CAUSES OF ACTION AGAINST DAIMLERCHRYSLER

## VI. DAIMLERCHRYSLER'S ROLE WITH THE VEHICLE IN QUESTION

6.1     The vehicle in question was originally designed, manufactured and sold by the Defendant, DaimlerChrysler Corporation, by and through its predecessor entity, the Chrysler Corporation. At the time of the sale of the vehicle in question, Chrysler Corporation was in the business of designing, manufacturing and selling automotive vehicles such as the vehicle in question.

## VII. DESIGN DEFECT

7.1     At the time the vehicle in question was designed, manufactured and sold by Defendant DaimlerChrysler, by and through its predecessor entity, Chrysler Corporation, the same was defective in design and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the injuries to Sandra Galvan Tapia, the physical pain and mental anguish she suffered, her death, and of the damages suffered by Plaintiff.

## VIII. MARKETING DEFECT

8.1     Both prior to and subsequent to the sale of the vehicle in question, Defendant DaimlerChrysler, by and through its predecessor entity, Chrysler Corporation, failed to give adequate and proper warnings and instructions regarding the dangers of said vehicle, which failure rendered said vehicle defective and

Case 1:00-cv-00168   Document 1   Filed in TXSD on 10/20/2000   Page 27 of 78

recover for his mental anguish, physical pain and necessary funeral bills and expenses, for which recovery is herein in an amount far in excess of the minimal jurisdictional limits of this Court, and of the minimum $75,000.00 jurisdictional limits of the federal courts.

## XII. WRONGFUL DEATH DAMAGES OF
## SANDRA GALVAN TAPIA'S FATHER

12.1    As a result of the death of Sandra Galvan Tapia, Deceased, Plaintiff Genaro Galvan Hernandez has suffered damages in the past and in the future, including pecuniary damages, mental anguish, a loss of consortium and a loss of inheritance, for which damages are sought under the Texas Wrongful Death Act in an amount far in excess of the minimal jurisdictional limits of this Court, and the minimum $75,000.00 jurisdictional limits of the federal courts.

## XIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

13.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for her actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which she may show herself to be justly entitled.

Case 1:00-cv-00168   Document 1   Filed in TXSD on 10/20/2000   Page 28 of 78

Respectfully submitted,

Mikal C. Watts
HARRIS & WATTS, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Phone: (361) 887-0500
FAX:   (361) 887-0055

Ray Marchan
HARRIS & WATTS, P.C.
1926 East Elizabeth
Brownsville, Texas 78520
Phone: (956) 546-0333
FAX: (956) 541-0255

By: _____

Mikal C. Watts
State Bar No. 20981820

ATTORNEYS FOR PLAINTIFFS

CERTIFIED COPY

Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.003.01

No. 2000-04-001500-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: J&M MOTORSALES, INC.
    PLACE OF BUSINESS
    1744 LINCOLN STREET
    BROWNSVILLE, TEXAS 78521

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said            PETITION        . was filed on APRIL 06, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-04-001500-E.

The style of the case is:

GENARO GALVAN HERNANDEZ, INDIV., ET AL
VS.
DAILMERCHRYSLER CORPORATION, ET AL

Said petition was filed in said court by            HON. RAY R. MARCHAN
Attorney for        PLAINTIFF        ), whose address is
80 N. SHORELINE CORPUS CHRISTI, TX.   78471

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville,

# R E T U R N   O F   O F F I C E R

Came to hand the _6th_ day of _April, 2000_, at _5__ o'clock _/_.M., and
executed (not executed) on the _6th_ day of _April, 2000_, by delivering to
_J & M Motor Sales Inc._ person a true copy of this Citation,
upon which I endorsed the date of delivery, together with the accompanying copy
of the _Plaintiff Original Petition_

Cause of failure to execute this citation is: _____
_____

FEES serving 1 copy                   Sheriff/constable _____ County, TEXAS
Total........ $_____                By _____ Deputy
Fees paid by: _____

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2000-04-001500-E

CERTIFIED COPY

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DAIMLERCHRYSLER CORPORATION
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEMS
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on _____ APRIL 06, 2000 _____ .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-04-001500-E.

The style of the case is:

GENARO GALVAN HERNANDEZ, INDIV., ET AL
VS.
DAILMERCHRYSLER CORPORATION, ET AL

Said petition was filed in said court by : _____ HON. RAY R. MARCHAN _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
500 N. SHORELINE CORPUS CHRISTI, TX. 78471

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _6th_ day of _APRIL_ , A.D. 2000.

_____ AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas

# R E T U R N   O F   O F F I C E R

Came to hand the _6th_ day of _April_, _2000_ at _8:00_ o'clock _P_.M., and executed (not executed) on the _11th_ day of _April_, _200_, by delivering to _Daimler Chrysler Corp_ _during its Registent Agent_ _C.T. Corp Service Cee_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiff Original Petition_ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ _5.00_

Fees paid by: _Ptff_

Sheriff/constable _Cameron_ County,

By, _Linda M. Salazar_ Deputy

---

P 214 957 955

Poce Da adhesived

Daimler Chrysler Corp.
350 North St. Paul Street
Dallas, Texas   75201

04/06/00

| SENDER: **COMPLETE THIS SECTION** | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)   B. Date of Delivery  4-11<br>C. Signature<br>X   ☐ Agent   ☐ Addressee<br>D Is delivery address different from item 1?   ☐ Yes<br>If YES, enter delivery address below   ☐ No |
| 1 Article Addressed to:<br>Daimler Chrysler Corporation<br>Serving Its Registered Agent<br>C.T. Corporation Systems<br>350 North St. Paul Street<br>Dallas, Texas   75201 | 3 Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4 Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2 Article Number (Copy from service label)<br>P 214 957 955 | |
| PS Form 3811, July 1999   Domestic Return Receipt | 102595-99-M-17 |

CAUSE NO. 2000-04-1500-E

55500 ~~Plaintiff~~

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF SANDRA GALVAN TAPIA, | § | |
| DECEASED, AND FOR AND ON | § | |
| BEHALF OF ALL THOSE ENTITLED | § | |
| TO RECOVER FOR HER DEATH | § | |
| UNDER THE TEXAS WRONGFUL | § | |
| DEATH ACT | § | |
| | § | |
| V. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| DAIMLERCHRYSLER CORPORATION | § | |
| AND J&M MOTOR SALES, INC | § | 357TH JUDICIAL DISTRICT |

## DAIMLERCHRYSLER CORPORATION'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT DAIMLERCHRYSLER CORPORATION and files

this Answer to Plaintiffs' Original Petition, and in support would show:

### I.  General Denial

Pursuant to Texas Rule of Civil Procedure 92, DaimlerChrysler Corporation denies

all of the allegations contained in Plaintiffs' Original Petition, and demands strict proof of

the same by a preponderance of the evidence and/or clear and convincing evidence on

those legal theories where clear and convincing evidence is the appropriate standard of

proof.

## II. Affirmative Defenses

1.      The injuries and damages alleged by Plaintiffs were caused, proximately caused, solely caused, or solely proximately caused by the negligence of some person or third party other than DaimlerChrysler Corporation and over whom DaimlerChrysler Corporation had no control including, but not limited to, the driver of the other vehicle who struck Plaintiff's Decedent's vehicle, and/or Sandra Galvan Tapia, deceased.

2.      The acts or omissions of a person not a party to this action were the sole proximate cause of any injury or damages sustained by Plaintiff.

3.      Plaintiffs' alleged injuries and damages resulted from new and independent causes unrelated to any conduct of, or product placed into the stream of commerce by DaimlerChrysler Corporation.

4.      The alleged defects in the subject vehicle did not exist at the time it left the possession of DaimlerChrysler Corporation, and the alleged defects were caused by the substantial change or alteration of the product after it was sold and/or the negligent repair by some person or party over whom DaimlerChrysler Corporation had no control.

5.      In the design, manufacture and marketing of the vehicle, DaimlerChrysler Corporation fully complied with applicable industry standards and government standards including but not limited to the Federal Motor Vehicle Safety Standards in effect at the time of manufacture.

6.      Plaintiffs' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others including, but not limited to, the

2

driver of the other vehicle who struck Plaintiff's Decedent's vehicle, and/or pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, DaimlerChrysler Corporation prays that Plaintiffs take nothing by their suit and that DaimlerChrysler Corporation have judgment for its costs, that the responsibility of Sandra Gavan Tapia, deceased, be submitted to the trier of fact, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A Professional Corporation**
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier

By: _____
Burgain G. Hayes
State Bar No. 09271300
Chris Pearson
State Bar No. 15690440
A. Alex Perez
State Bar No.  00795802

AND

3

Eduardo Roberto Rodriguez
State Bar No. 1714000
Jaime Saenz
State Bar No. 17514859
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren Street
Brownsville, Texas 78520
956/542-7441 - Telephone
956/541-2170 - Telecopier

**ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent via certified mail, return receipt requested, to all parties of record listed below, on this the _9th_ day of May, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

_____
Chris Pearson

4

CAUSE NO. 2000-04-1500-E

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF SANDRA GALVAN TAPIA, DECEASED, AND FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR HER DEATH UNDER THE TEXAS WRONGFUL DEATH ACT, | * * * * * * * * * | IN THE DISTRICT COURT |
| Plaintiffs, | * | |
| VS. | * | OF CAMERON COUNTY, TEXAS |
| | * | |
| DAIMLERCHRYSLER CORPORATION, AND J&M MOTOR SALES, INC. | * * | |
| Defendants, | * | 357th JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT DAIMLERCHRYSLER CORPORATION

COME NOW, Genaro Galvan Hernandez, Individually, and as Representative of the Estate of Sandra Galvan Tapia, Deceased, and for and on behalf of all those entitled to recover for his death under the Texas Wrongful Death Act, Plaintiffs herein, and file this his "Plaintiffs' Motion to Compel Discovery from Defendant DaimlerChrysler Corporation," and in support thereof, would show as follows:

## I. BACKGROUND FACTS

1.1     On April 6, 2000, Plaintiffs filed this product liability suit against DaimlerChrysler ("DCC"), alleging design defects in Plaintiffs' Chrysler minivan vehicle made it uncrashworthy, such that it caused the death of Sandra Galvan Tapia in an otherwise survivable collision.

A.     DCC's FAILURE TO PRODUCE CORPORATE REPRESENTATIVES FOR DEPOSITIONS DESPITE NOTICES

Plaintiffs' Motion to Compel-Saenz                    1
MCW:mcw 3/21/2000

1.2     On April 6, 2000, Plaintiffs served DCC with nine (9) Deposition Notices, requiring DCC to tender designated corporate representatives to testify on certain subjects during the month of May, 2000.

1.3     On May 31, 2000, DCC served its nine (9) responses to Plaintiffs' deposition notices. In none of the responses did DCC agree to provide witnesses, and in none of the responses did DCC provide responsive documents. Instead, DCC provided only objections.

1.4     Objections to these discovery items should be overruled, and full responses and production should be made.

## II. RELIEF SOUGHT

2.1     Plaintiffs move the Court to compel DCC to tender, on or before July 1, 2000, a corporate representative with respect to each of Plaintiffs' nine (9) deposition notices, and to order that such witnesses be tendered in Cameron County, Texas pursuant to Rule 199.2(b)(1) and 199.2(b)(2)(C) of the Texas Rules of Civil Procedure.

2.2     Plaintiffs move the Court to overrule each and every of DCC's objections to the subpoenas duces tecum attached to Plaintiffs' deposition notices, and to order DCC to produce all documents responsive to such requests to Plaintiffs by delivering a copy of all such responsive materials (at least five (5) days before such depositions are set to begin) to Harris & Watts, P.C., 555 N. Carancahua, Suite 1400, Corpus Christi, Texas 78478.

2.3     With respect to any documents over which DCC claims a privilege, Plaintiffs move the Court to overrule these claims of privilege.

2.4    Plaintiffs move the Court to enter an order overruling DCC's objections, compelling it to produce witnesses for each of the notives, and granting Plaintiffs such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

Mikal C. Watts
HARRIS & WATTS, P.C.
Tower II Building
555 N. Carancahua, Suite 1630
Corpus Christi, Texas 78478
Phone: (512) 887-0500
FAX:   (512) 887-0055

Ray Marchan
HARRIS & WATTS, P.C.
1926 Elizabeth Street
Brownsville, Texas 78520
Phone: (956) 546-0333
FAX:   (956) 541-0255

By:    _Mikal C. Watts_

Mikal C. Watts
State Bar No. 20981820

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 191.2 of the Texas Rules of Civil Procedure, I certify that a reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed.

_Mikal C. Watts_

Mikal C. Watts

## FIAT

You are hereby notified that this matter has been set for hearing in the 357th Judicial District Court courtroom on the second floor of the Cameron County Courthouse at 9:00 a.m. on June 7, 2000.

_Rogelio Valdez_

JUDGE PRESIDING

FILED ___11:15___ O'CLOCK ____M
AURORA DE LA GARZA, DIST. CLERK

JUN - 2 2000

DISTRICT COURT, CAMERON COUNTY, TEXAS
_____ DEPUTY

Irene Garcia

Plaintiffs' Motion to Compel-Saenz          4
MCW:mcw 3/21/2000

## CERTIFICATE OF SERVICE

I hereby certify, as one of the counsel of record for the Plaintiffs, that a true and correct copy of the foregoing instrument was forwarded to the counsel of record listed below on this the 2nd day of June, 2000.

_Mikal C. Watts_

Mikal C. Watts

**Via Certified Mail**

Burgain G. Hayes
Chris Pearson
CLARK, THOMAS & WINTERS
P. O. Box 1148
Austin, Texas  78767

Lead Counsel for DaimlerChrysler Corp.
Via Fax: (512) 474-1129

Eduardo Roberto Rodriguez
Jaime Saenz
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren Street
Brownsville, Texas 78520

Local Counsel DaimlerChrysler Corporation
Via Fax: (956) 541-2170

Steve Ott
MILLER, CANFIELD,
PADDOCK & STONE, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098-6358

Disc. Counsel for DaimlerChrysler Corp.
Via Fax: (248) 267-3333

Via Fax:

Courtney Morgan
MAZUR, MORGAN, MEYERS & KITTLE
1490 First National Building
Detroit, Michigan 48226

Counsel for Witness Paul Sheridan
Via Fax: (313) 961-8178

# HARRIS & WATTS, P.C.

1926 E. Elizabeth
Brownsville, Texas 78520
Tel: (956) 546-0333
Fax: (956) 541-0255

## TELECOPY TRANSMITTAL COVER SHEET

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the document.

DATE:     6/2/00

TO:        Burgain G. Hayes//Chris Pearson
FAX #:     (512) 474-2219

TO:        Eduardo Roberto Rodriguez/Jaime Saenz
FAX #:     (956) 541-2170

TO:        Steve Ott
FAX #:     (248) 267-3333

TO:        Courtney Morgan
FAX #:     (313) 961-8178

FROM:    MIKAL C. WATTS

RE:        Genaro Galvan Hernandez vs. Chrysler, et al
NUMBER OF PAGES (INCLUDING COVER PAGE):      7

COMMENTS:     Please make a note that the hearing is set for Wednesday, June 7, 2000 at 9:00 a.m.

If there are any problems, please call (956) 546-0333 and ask for  LETTY .

CAUSE NO. 2000-04-1500-E

═D _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JUN 0 6 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
JANIE WOLFE
DEPUTY

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, | § | |
| INDIVIDUALLY, AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF SANDRA GALVAN TAPIA, | § | |
| DECEASED, AND FOR AND ON | § | |
| BEHALF OF ALL THOSE ENTITLED | § | |
| TO RECOVER FOR HER DEATH | § | |
| UNDER THE TEXAS WRONGFUL | § | |
| DEATH ACT | § | |
| | § | |
| V. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| DAIMLERCHRYSLER CORPORATION | § | |
| AND J&M MOTOR SALES, INC | § | 357TH JUDICIAL DISTRICT |

IN THE DISTRICT COURT

F: 6/6/oo

### DAIMLERCHRYSLER CORPORATION'S RESPONSE
## TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION NOTICE REGARDING
### PAUL SHERIDAN

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT DAIMLERCHRYSLER CORPORATION and files this Response to Plaintiffs' Motion to Compel, and in support would show:

### I.   Introduction

This is a products liability cause of action arising out of a two-vehicle accident occurring on March 6, 2000. On April 6, 2000, counsel for plaintiffs mailed, prior to service of the above captioned lawsuit, nine Notices of Intent to Take Oral Depositions to counsel for DaimlerChrysler Corporation. Included in these notices was a Notice of the Oral Deposition, Subpoena Duces Tecum, of the Witness, DaimlerChrysler, Inc. [Re: E-Mail, re: Paul Sheridan]. On May 31, 2000, counsel for DaimlerChrysler Corporation filed a written response to the Notice in which it objected to producing a witness to testify on the topics outlined in this Notice, as the Notice sought testimony concerning an inadvertently disclosed communication that is protected by both the attorney-client privilege and the work product doctrine. Additionally, counsel for DaimlerChrysler

Corporation objected to the request because it sought information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

On June 2, 2000, plaintiffs' counsel filed and faxed to DaimlerChrysler Corporation's counsel a Motion to Compel in which he moved the Court to compel DaimlerChrysler Corporation to tender a witness to testify concerning this privileged communication. Counsel for plaintiffs set this matter for hearing on June 7, 2000, a mere three business days following the fax service of the Motion to Compel.

## II. Factual Background

The Paul Sheridan e-mail issue arose in an action, which was initiated on December 27, 1994, when DaimlerChrysler Corporation, then known as Chrysler Corporation, filed a Verified Complaint in a Michigan Circuit Court alleging that its then employee, Paul Sheridan, had wrongfully disclosed its proprietary, trade secret, confidential research, development or commercial information to unauthorized persons outside the Corporation in violation of his contractual and common law duties to Chrysler. Chrysler obtained a Temporary Restraining Order, which was later replaced by a Preliminary Injunction, prohibiting Sheridan from further unauthorized disclosure of Chrysler's confidential and proprietary information. On February 23, 2000, the Michigan court dissolved the Preliminary Injunction based upon Sheridan's argument that it was no longer necessary because of the extensive public testimony he had given in unrelated product liability cases against Chrysler, now known as DaimlerChrysler Corporation.

On March 8, 2000, DaimlerChrysler Corporation timely filed a Motion for Reconsideration asking the Michigan court to reverse its dissolution of the Preliminary Injunction against Sheridan based upon the contents of a 21-page affidavit Sheridan

2

CIMPDF - www.fenix.com

authored in connection with a case being litigated in Texas.[1] In this Affidavit, Sheridan discussed his version of facts pertaining to DaimlerChrysler Corporation's internal business practices and procedures regarding issues he had never discussed in his prior affidavits or testimony.

As an exhibit to its March 8, 2000 Motion for Reconsideration and supporting Brief, DaimlerChrysler Corporation's retained outside counsel attached a copy of Sheridan's Texas affidavit. Unfortunately, while preparing the exhibits to the Motion and Brief for filing, a secretary in the office of DaimlerChrysler Corporation's retained Michigan counsel inadvertently copied and attached — as though it were part of the 21-page affidavit — the subject two-page e-mail, dated February 29, 2000, prepared by David Tyrrell, DaimlerChrysler Corporation's national trial counsel in cases involving allegations of defect in minivan liftgate latch, who was also assisting in the Texas litigation. David Tyrrell had sent the subject e-mail to DaimlerChrysler Corporation's in-house lawyers and to various outside retained counsel with the intention that it remain confidential and privileged. In this e-mail, Mr. Tyrrell provided his mental impressions, conclusions and advice concerning Sheridan's testimony in the Texas case. Upon receipt of the privileged email, one of DaimlerChrysler Corporation's in-house counsel, Greg Ridella, forwarded the email and referenced Sheridan affidavit via facsimile to its outside counsel handling the employment action pending against Mr. Sheridan. The facsimile cover page indicated that the transmitted material contained privileged information.

The Motion for Reconsideration and supporting Brief were filed with the Michigan court and served upon Sheridan's counsel with the February 29, 2000 e-mail

<hr>

[1]    The Texas case was styled *LeCompte v. DaimlerChrysler Corporation*, Cause No. 7824-JG99. This case has been settled and dismissed from the Texas trial docket. Mr. Watts was lead counsel in this case.

from counsel inadvertently attached. Upon receiving service of the Motion for Reconsideration and supporting Brief with the February 29, 2000 e-mail from counsel attached. Sheridan's counsel immediately forwarded the privileged e-mail to Mr. Watts, plaintiffs' counsel in the instant case. DaimlerChrysler Corporation first learned of this fact and of the privileged e-mail's inadvertent disclosure on March 23, 2000, when Mr. Watts called Mr. Tyrrell, whom he had litigated several cases with over the last five years, and acknowledged having received it through Sheridan's counsel.

Upon learning of the inadvertent disclosure. DaimlerChrysler Corporation's counsel immediately filed. with the Michigan court. an Emergency Motion for Return of Privileged Document and Ex Parte Temporary Restraining Order Prohibiting its Dissemination. Prior to filing that Emergency Motion with the Michigan court, counsel for DaimlerChrysler Corporation called Sheridan's counsel and advised him that it was seeking to obtain an ex parte order against further dissemination of the privileged e-mail. DaimlerChrysler Corporation attorneys also called and wrote to Mr. Watts. appraised him of the inadvertent nature of the disclosure, and asked him to maintain the document as confidential and refrain from its further dissemination. Mr. Watts' response was to send copies of the privileged e-mail to several media outlets and other plaintiffs' attorneys.[2] (See Letter from Mikal Watts, attached as "Exhibit 1")

On March 23, 2000 — the same day DaimlerChrysler Corporation learned of the inadvertent disclosure and filed its Emergency Motion — the Michigan Court granted an ex parte TRO. However, after supplemental briefing and an April 18, 2000 hearing,

---

[2] Pursuant to the ABA Committee on Ethics' Formal Opinion 92-368, a lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer if the sending lawyer remains ignorant of the problem and abide the **sending lawyer's direction as to how to treat the disposition of the confidential materials.**

4

the Court issued its May 11, 2000 Opinion and Order Denying Plaintiff's Motion For Return of Document, holding that "the document is not now subject to a privilege" because the e-mail had not been marked "confidential" or "privileged," and there was otherwise "little to notify the recipients that the document may be subject to a privilege." In so holding, the Michigan Court misconstrued the Michigan law of attorney-client privilege, and committed palpable error by applying the wrong legal standard to the facts.

On May 27, 2000, DaimlerChrysler Corporation sought leave to appeal the court's May 11, 2000 Opinion and Order on an emergency basis because it had already begun to receive discovery demands in litigation in other jurisdictions regarding the contents of the e-mail. On June 2, 2000, DaimlerChrysler Corporation filed a Motion for Stay Pending Appeal of the May 11, 2000 Decision of the Oakland County Circuit Court. Both motions are currently pending, which makes the issue currently before this Court premature.

DaimlerChrysler Corporation respectfully requests that this Honorable Court deny plaintiffs' Motion to Compel, or alternatively, continue the hearing currently scheduled for June 7, 2000, until DaimlerChrysler Corporation's Appeal and Motion for Stay have been ruled upon. DaimlerChrysler Corporation also requests that plaintiffs' counsel be required to return all copies of the privileged communication in his possession and to refrain from further dissemination of the privileged e-mail.

### III.   Argument

A.   The subject e-mail, which was inadvertently disclosed, is subject to the attorney-client privilege and work product doctrine and those privileges have not been waived

5

The subject e-mail was and is undoubtedly subject to the protections of the attorney-client privilege — the e-mail is a confidential communication between DaimlerChrysler Corporation's in-house counsel and certain retained outside counsel made for the purpose of facilitating the rendition of professional legal service to the client, DaimlerChrysler Corporation. *See* Tex.R. Evid. 503(b)(1)(A). Likewise, the e-mail is a textbook example of core-work product — the work product of an attorney that contains the attorney's mental impressions, opinions and conclusions. *See* Tex.R.Civ.P. 192.5(b)(1). Since the subject e-mail is protected by both the attorney-client privilege and work product doctrine, it is not discoverable; furthermore, its inadvertent production does not destroy its protected status.

Rule 193.3 of the Texas Rules of Civil Procedure permits a party to assert a claim of privilege to material or information produced inadvertently without intending to waive the privilege.[3] The focus of this rule is on the intent to waive the privilege. Tex. R.Civ. P. 193.3, cmt. 4. A party who fails to diligently screen documents before producing them does not waive a claim of privilege. *Id.* Thus, in the absence of the intent to waive a privilege, a party who inadvertently produces a document does not waive a claim of privilege. *Id.*

In the instant case, there is nothing in the record that refutes DaimlerChrysler Corporation's position that the disclosure of the February 29, 2000 e-mail was entirely inadvertent and the result of clerical error. Although DaimlerChrysler Corporation intended to file and serve its March 8, 2000 Motion for Reconsideration and supporting

---

[3] This rule is broader than Texas Rule of Evidence 511, which holds that a privilege is waived if the holder of the privilege "voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged," and overturns *Granada Corp. v. First Court of Appeals*, 844 S.W.2d 223 (Tex.1992), to the extent the two conflict.

6

Brief with Sheridan's 21-page affidavit attached, the office of its outside counsel inadvertently failed to first separate the Sheridan affidavit from the February 29, 2000 privileged e-mail that had been faxed to counsel. Thus, the privileged e-mail was unintentionally disclosed — without the knowledge or approval of DaimlerChrysler Corporation. The sole legal issue is whether DaimlerChrysler Corporation knowingly and intentionally waived its privilege. It did not.

DaimlerChrysler Corporation and its counsel intended to maintain the confidentiality of the subject e-mail and its attachment was entirely inadvertent. The subject e-mail was addressed and sent only to a certain number of individuals, all of whom were either in-house attorneys with DaimlerChrysler Corporation or outside counsel retained by DaimlerChrysler Corporation. Upon learning of the inadvertent disclosure from plaintiffs' counsel, Mr. Watts, who was not involved in the Sheridan litigation, DaimlerChrysler Corporation's counsel immediately contacted Mr. Watts and requested that the E-mail be maintained by him in confidence and not further disseminated. Additionally, DaimlerChrysler Corporation filed an Emergency Motion for Return of Privileged Document and Ex Parte Temporary Restraining Order Prohibiting Its Dissemination. In brief, the evidence is clear there was no intent on the part of DaimlerChrysler Corporation to waive its attorney-client and work product privileges, as it acted immediately to retrieve the e-mail, prevent its further dissemination, and preserve its confidentiality and privileges. For these reasons, the attorney-client privilege, the most sacred of all privileges, and work product protections in regard to the subject e-mail must be preserved.

B.  The e-mail is not discoverable as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the requested deposition has no bearing on any issue in controversy

7

::ODMA\GRPWISE\CTW.AUS13.PL_Lib2a:54482.1

Rule 192 of the Texas Rules of Civil Procedure permits discovery of matters "reasonably calculated to lead to the discovery of admissible evidence." *Monsanto Co. v. May*, 889 S.W. 274, 276 (Tex.1994). A party may object to a discovery request that asks for information that is not relevant or that will not lead to admissible evidence. Tex.R.Civ.P. 192.3. DaimlerChrysler Corporation objected to plaintiffs' request because it sought information that was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs are seeking to depose persons with knowledge about the subject e-mail and subsequent events emanating therefrom, if any. As previously stated, the e-mail regards an Affidavit signed by Paul Sheridan in unrelated litigation. There is no connection with any testimony that could come from a deposition on this issue and the case currently before this Court. Discovery is in its earliest phase. Plaintiffs have neither named Mr. Sheridan as a witness nor as an expert. A deposition, if permitted, would only be for the sole purpose of bolstering Mr. Sheridan's testimony, a purpose which is in itself inadmissible. DaimlerChrysler Corporation's use of the email, if any, has absolutely nothing to do with plaintiffs' claims and cannot possibly lead to the discovery of admissible evidence. As such, the Court must deny plaintiffs request to take depositions on this issue.

Further, regardless of whether or not the subject e-mail is privileged, a retained outside lawyers' opinions concerning the testimony of an adverse fact witness in a products liability case are neither relevant nor probative to any issue whatsoever. If they were, then lawyers would line up in every case to give opinion testimony concerning all adverse witnesses. Moreover, the e-mail at issue concerns testimony

8

given in an entirely separate proceeding from the present case, and is thus even more tenuously linked to any notion of relevance or probativeness in the present case.

Simply put, the subject e-mail has no relationship to any of the issues in this case. A relationship, if any, between the discovery sought and the issues in this case would be collateral, at best.[4] Furthermore, the e-mail and any testimony regarding it will be of no assistance to the jury. Finally, the e-mail and accompanying testimony are unfairly prejudicial. likely to confuse the issues, misleading to the jury and. therefore, inadmissible. In light of the foregoing. evidence regarding the subject e-mail. and any testimony related thereto is inadmissible.

WHEREFORE, PREMISES CONSIDERED, DaimlerChrysler Corporation prays that Plaintiffs' Motion to Compel with respect to the above referenced e-mail be denied, or alternatively that the Court continue the hearing until such time as DaimlerChrysler Corporation's Appeal and Motion for Stay are ruled upon, that DaimlerChrysler Corporation's objection to the production of a witness and to the production of documents as requested in Plaintiffs' Notice of the Oral Deposition, Subpoena Duces Tecum, of the Witness DaimlerChrysler Corporation, Inc. re: E-mail, re: Paul Sheridan be sustained. that Mr. Watts be ordered to comply with the obligation to return the inadvertently disclosed privileged documents as provided for in Rule 193.3 of the Texas Rules of Civil Procedure as previously requested. and for such other relief as this Court deems just and proper.

---

4    Furthermore, the costs and time associated with complying with plaintiffs' request will far outweigh the benefits, if any.

9

Respectfully submitted,

By: _Jaime Saenz_ _Joseph A. R___

Eduardo Roberto Rodriguez
State Bar No. 1714000
Jaime Saenz
State Bar No. 17514859
RODRIGUEZ, COLVIN & CHANEY, L.L.
1201 E. Van Buren Street
Brownsville, Texas 78520
956/542-7441 - Telephone
956/541-2170 - Telecopier

AND

**CLARK, THOMAS & WINTERS,**
**A Professional Corporation**
Burgain G. Hayes
State Bar No. 09271300
Chris Pearson
State Bar No. 15690440
A. Alex Perez
State Bar No. 00795802
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin. Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier

**ATTORNEYS FOR DEFENDANT**
**DAIMLERCHRYSLER CORPORATION**

10

::ODMA\GRPWISE\CTW.AUS13.PL_Lib2a:54482.1

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent via certified mail, return receipt requested, to all parties of record listed below, on this the ___6th___ day of June, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

~~JAIME A. SAENZ~~
Joseph A. Rodriguez

11

# HARRIS & WATTS P.C.

## *Attorneys at Law*

Mikal C. Watts
Attorney at Law

Telephone: (361) 887-0500
Facsimile: (361) 887-0055

March 24, 2000

Mr. Thomas Kienbaum
KIENBAUM, OPPERWALL, HARDY & PELTON, P.L.C.
325 South Old Woodward Avenue
Birmingham, Michigan 48009
Phone: (248) 645-0000

Via Fax: (248) 645-1385

**FILE COPY**

Re:   *LeCompte v. DCC*

Dear Mr. Kienbaum:

I am in receipt of your letter of yesterday1 wherein you seek to "confirm" my
conversation with Florida counsel. First, judging by your recitation of the same, you
confirm incorrectly. Second, the fact is that the David Tyrell E-mail2 has already been
widely disseminated by me and others to other persons in the plaintiffs' automotive
defect bar. Discovery efforts already are specifically being planned and coordinated
among the several hundred truth-seeking members of AIEG to depose each of the
members of the Door Hardware Workteam and the NS Safety Leadership Team in
order to document DCC's concerted and now-documented efforts to cause its
employees "to become incensed or outraged" at Paul Sheridan's willingness to tell the
truth. Third, I can assure you that an E-mail planning a concerted smear campaign at a
material witness in Texas litigation is not protected by the attorney-client privilege
under either Texas or Florida law. If you disagree, I encourage your client to seek the
opinion of a Nueces County, Texas judge with jurisdiction over my mouth and my
mailbox, or one with jurisdiction over the Attorneys' Information Exchange Group in
Birmingham, Alabama. Finally, I am shocked at the temerity of your firm and your
client to once again seek a court-imposed "muzzle" on one of the truly honorable
whistleblowers this country has ever seen, who according to your client's own national
counsel, Mr. Tyrrell, "was at Chrysler for an extended period of time, had a good work
history according to his late reviews and awards," and who is "organized, obsessive,
detailed," and who "will present a ... superior appearance as a witness."

Imagine the safety that could have been incorporated into Chrysler vehicles over
the past five years had your firm not been successful in keeping Chrysler's conduct
completely sealed from public view through a now-lapsed "gag order." The Honorable
court handling your case against Sheridan, who no doubt initially decided the issue

---

1 Attached hereto as Exhibit "A" for your reference.

2 Attached hereto as Exhibit "B" for your reference.

Corpus Christi • Brownsville

555 North Carancahua, Suite 1400 • Corpus Christi, Texas 78478-0801 • E-mail: mcwatts@harris-watts.com

EXHIBIT
4

Mr. Thomas Kienbaum
March 24, 2000
Page Two

based upon your firm's and your client's representations, was entirely correct in his
recent decision to let the injunction lapse.

Although I am not certain whether Daimler's Germany recognizes a first
amendment right to free speech,[3] I am certain your client's American subsidiary,
Chrysler, is well aware of the fact that this country does recognize free speech rights.

Certainly providing truthful testimony in a brain-damaged baby case involving a
vehicle defectively designed between seven and ten years ago should be applauded,
instead of responded to by your former employer seeking to extend a five-year muzzle
on entirely specious grounds.

I trust you advised the Honorable court that Sheridan was designated as a
material fact witness early-on in that litigation by the Plaintiffs.[4] I trust that in your
"motion to re-muzzle", you advised the Honorable court that Sheridan's affidavit
references only documents produced to me in litigation, which according to the terms

---

[3]  Attached hereto as Exhibit "C" for your reference.

[4]  As Justice Ginsberg recently noted in *Baker v. General Motors*: "Most essentially,
Michigan lacks authority to control courts elsewhere by precluding them, in actions
brought by strangers to the Michigan litigation, from determining for themselves what
witnesses are competent to testify and what evidence is relevant and admissible in their
search for the truth. See Restatement (Second) of Conflict of Laws, 137-139 (1969 and
rev.1988) (forum's own law governs witness competence and grounds for excluding
evidence); *cf Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for
Southern Dist. of Iowa*, 482 U.S. 522, 544, n. 29, 107 S.Ct. 2542, 2556, n. 29, 96 L.Ed.2d 461
(1987), (foreign "blocking statute" barring disclosure of certain information "do[es] not
deprive an American court of the power to order a party subject to its jurisdiction to
produce [the information]"); *United States v. First Nat'l City Bank*, 396 F.2d 897 (C.A.2
1968) (New York bank may not refuse to produce records of its German branch even
though doing so might subject the bank to civil liability under German law).... In sum,
Michigan has no authority to shield a witness from another jurisdiction's subpoena
power in a case involving persons and causes outside Michigan's governance.
Recognition, under full faith and credit, is owed to dispositions Michigan has authority
to order. But a Michigan decree cannot command obedience elsewhere on a matter the
Michigan court lacks authority to resolve. *See Thomas v. Washington Gas Light Co.*, 448
U.S. 261, 282-283, 100 S.Ct. 2647, 2661, 65 L.Ed.2d 757 (1980) (plurality opinion) ("Full
faith and credit must be given to [a] determination that [a State's tribunal] had the
authority to make; but by a parity of reasoning, full faith and credit need not be given
to determinations that it had no power to make.")."

In *LeCompte*, Judge J. Ray Gayle accepted Mr. Sheridan's affidavit as evidence,
and made no pronouncement from the bench that Mr. Sheridan was not welcome to
testify in his courtroom.

Mr. Thomas Kienbaum
March 24, 2000
Page Three

of those cases' protective orders, are no longer confidential.[5] I trust that in your motion to re-muzzle, you have advised the Honorable court that Sheridan's testimony involves a vehicle line which has been on the road for years, subject to vehicle tear-downs and competitive engineering, and a vehicle line which already is entirely being replaced by Chrysler with its "RS" line of minivans whose designs have been completed by the date of this writing.[6] I trust you advised the Court that of the previously-produced documents referenced in Sheridan's affidavit, the vast majority of them were produced in a deposition that Chrysler's employment law firm, Dickinson, Wright, defended[7], and that therefore, any attempt by Chrysler to insinuate that Sheridan disclosed "new" information would be a gross fraud on the Court. I trust that in your motion to re-muzzle, you advised the Honorable court that Sheridan's affidavit testimony was confirmed in almost every respect by the deposition testimony of Chrysler's own corporate representative in LeCompte.[8]

In Texas, one of our great Supreme Court justices, Hon. Franklin Spears, wrote that "the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed."[9] In an effort to have disputes decided across the nation by "what facts are concealed," your client has, in my humble opinion wrongfully terminated an honorable man, disgracefully trumped-up charges against him that subsequently have been proven meritless, and shamefully shackled him with a gag order lasting five years, even though your own client's fellow employees showered him with glowing praise in performance reviews just weeks before Chrysler wrongfully terminated him. I would suggest that if Chrysler believes Paul Sheridan is such a threat, it immediately should permit me to depose all persons whom it believes will prove him a liar. We can then compare their sworn testimony with the representations made by your firm in Court in the Chrysler v. Sheridan litigation, and see whether it is Paul Sheridan or his former employer that is spreading falsehoods.

---

[5] See Rule 76a Order of 1996 of Anderson County, Texas District Court Judge Calhoun in Matthews v. Chrysler.

[6] See testimony of Dennis Malecki in LeCompte v. Chrysler.

[7] See Deposition of Paul Sheridan, in Gonzalez/Matthews v. Chrysler, dated May 2, 1996.

[8] See Deposition of David Monette in LeCompte v. Chrysler, dated February 29, 2000.

[9] Jampole v. Touchy, 673 S.W.2d 569 Tex. 1984).

Case 1:00-cv-00168   Document 1   Filed in TXSD on 10/20/2000   Page 57 of 78

Mr. Thomas Kienbaum
March 24, 2000
Page Four

     I hope this letter will assist you in clarifying our respective positions on this matter.

Very truly yours,

*[signature]*

Mikal C. Watts

P.S.:

     I have just received a copy of your Brief in support of Chrysler's Motion to re-Muzzle. Among the myriad misrepresentations made therein, the one containing particularly-strong stench to me is your blatant lie to the Court with respect to how the *Matthews* documents became public. To insinuate that those documents were made public by me filing them behind Chrysler's back is shameful; in fact, Judge Calhoun conducted a five-hour hearing before ruling that the documents should be released according to Rule 76a. You may want to pull up the *Dallas Morning News* coverage of the hearing to refresh your recollection, so that you can file a retraction of this falsehood with the Court immediately.

cc

Richard Greenberg - *60 Minutes*         <u>Via Fax: (212) 975-0322</u>
Bill Vlassic - *Detroit News*         <u>Via Fax: (313) 222-1461</u>
Milo Geyelin - *Wall Street Journal*    <u>Via Fax: (212) 416-2653</u>
Jeffrey Ball - *Wall Street Journal* - Detroit Bureau  <u>Via Fax: (313) 963-6527</u>
AIEG Executive Committee

CAUSE NO. 2000-04-1500-E                          5:6/7/00

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF SANDRA GALVAN TAPIA, DECEASED, AND FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR HER DEATH UNDER THE TEXAS WRONGFUL DEATH ACT, Plaintiffs, | * * * * * * * * * | IN THE DISTRICT COURT |
| VS. | * * | OF CAMERON COUNTY, TEXAS |
| DAIMLERCHRYSLER CORPORATION, AND J&M MOTOR SALES, INC. Defendants, | * * * | 357th JUDICIAL DISTRICT |

## ORDER REGARDING PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY FROM DEFENDANT DAIMLERCHRYSLER CORPORATION [Re: Email, re: Paul Sheridan]

BE IT REMEMBERED that on the date entered below, the parties by and through their attorneys of record came before the Court, and the Court considered Plaintiffs' First Motion to Compel Discovery From Defendant DaimlerChrysler Corporation. The Court, having considered the motion and the arguments of counsel is of the opinion that the following orders are just and proper. The options circled shall constitute the ruling of the Court:

I.   CORPORATE DEPOSITION NOTICES

With respect to Plaintiffs' deposition notices for Chrysler to produce a corporate representative on the following subject: E-Mail, re: Paul Sheridan, and the Court orders as follows:                                    CIRCLE ONE

(a)   On or before August 15, 2000, DaimlerChrysler Corporation shall produce a designated representative or representative(s) to testify on its behalf in Troy, Michigan.

(b)     With respect to the documents sought
        in the subpoena duces tecum
        relating to the following paragraphs
        of the subpoenas in the following
        respective notices, Chrysler is ordered
        to produce (over its objections, which
        are hereby overruled) all documents in
        its possession where the Court circles
        the word "PRODUCE," and is not
        required to produce (its objections are
        hereby sustained) where the Court
        circles the word "SUSTAINED":

(b)1.1  Paragraph 6(a)(1)(a) - all documents, reflecting
        the identities of each persons receiving since
        February 21, 2000, a copy
        of the February 29, 2000 Email from
        David Tyrell, attached as Exhibit "A" to
        Plaintiffs' Notice of the Oral Deposition,
        Subpoena Duces Tecum, of the Witness,
        DaimlerChrysler, Inc., RE: E-Mail, re:
        Paul Sheridan           PRODUCE  SUSTAINED

(b)1.2  Paragraph 6(a)(1)(b) - all documents, re:
        the meetings held since February 21, 2000,
        with members of the
        Door Hardware Workteam with respect
        to Paul Sheridan's affidavit in
        *Lecompte v. Chrysler* or
        David Tyrell's E-mail;           PRODUCE  SUSTAINED

(b)1.3  Paragraph 6(a)(1)(c) - all documents, re:
        the meetings held since February 21, 2000,
        with members of the
        NS Safety Leadership Team with respect
        to Paul Sheridan's affidavit in
        *Lecompte v. Chrysler* or
        David Tyrell's E-mail;           PRODUCE  SUSTAINED

(b)1.4  Paragraph 6(a)(1)(d) - all documents, re:
        with respect to each of the meetings
        referenced in subparts (1)(b) and (1)(c) of
        Plaintiffs' Notice of the Oral Deposition,
        Subpoena Duces Tecum, of the Witness,
        DaimlerChrysler, Inc., Re: E-Mail, re:
        Paul Sheridan, the following information:

        (1)     the date of each such meeting;
        (2)     the location of each such meeting;

(3)    the identity of the member of the Door Hardware Workteam and/or the NS Body Safety Leadership Team being met with;

(4)    the identity of each person meeting with a member of the Door Hardware Workteam and/or the NS Body Safety Leadership Team;

(5)    a description (date and bates numbers) of each of the documents discussed at such meeting.

 PRODUCE  SUSTAINED

## II.   COURT RULINGS

(a)    IT IS ORDERED, ADJUDGED AND DECREED that with respect to any of the above items with respect to which the Court has circled the word "SUSTAINED," the Court sustains DaimlerChrysler's objections, and DaimlerChrysler is under no obligation to further answer the particular discovery item.

(b)    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with respect to any of the above items with respect to which the Court has circled the word "PRODUCE," or with respect to which the parties have noted the word "AGREED," the Court overrules DaimlerChrysler's objections, and DaimlerChrysler is ordered (except for those documents over which it claims a privilege, with respect to which the Order contained herein in Paragraph "h" below) to produce all documents responsive to the request by producing the same to Harris & Watts, P.C. within thirty (30) days of the date of this order.

(h)    Notwithstanding the provisions of paragraph "g" herein, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with respect to any of the above items with respect to which the Court has circled the word "PRODUCE," the Court overrules DaimlerChrysler's objections, except to

the extent to which DaimlerChrysler is claiming a privilege over certain responsive documents. With respect to each responsive document over which DaimlerChrysler claims a privilege, the Court orders as follows: DaimlerChrysler shall, within thirty (30) days of the date of this order:

(1)    produce to the Plaintiffs and the Court a privilege log, stating the bates number(s), the date of the document(s), the author(s) of the document, the recipient(s) of the document, and the subject matter and description of the document, and shall state the particularized privilege being claimed over the document;

(2)    produce to the Court in a sealed container for an *in camera* inspection by the Court each of the document(s) over which it is claiming a privilege; and

(3)    file any evidence DaimlerChrysler intends to rely upon to support its claims of privilege with respect to the documents over which it is claiming a privilege.

SIGNED this 7th day of June, 2000.

_____
Hon. Rogelio Valdez
JUDGE PRESIDING

AGREED AS TO FORM: only

_____
Mikal C. Watts

_____
Jaime Saenz

ATTORNEY FOR PLAINTIFFS

ATTORNEY FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION

CAUSE NO. 2000-04-1500-E

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY, AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF SANDRA GALVAN TAPIA, | § | |
| DECEASED, AND FOR AND ON | § | |
| BEHALF OF ALL THOSE ENTITLED | § | |
| TO RECOVER FOR HER DEATH | § | |
| UNDER THE TEXAS WRONGFUL | § | CAMERON COUNTY, TEXAS |
| DEATH ACT | § | |
| | § | |
| VS. | § | |
| | § | |
| DAIMLERCHRYSLER | § | |
| CORPORATION, | § | |
| AND J&M MOTORSALES, INC | § | 357TH JUDICIAL DISTRICT |

**NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL**

TO:   Aurora de la Garza, Clerk, Cameron County, Texas.

Please take notice that **DaimlerChrysler Corporation**, hereinafter referred to as Defendant in the above-styled and numbered cause, has filed its Notice of Removal to the United States District Court for the Southern District of Texas, Brownsville Division, copies of which are attached hereto.  Defendant hereby files a copy of the Notice with the Clerk of the District Court of Cameron County, Texas, all in accordance with 28 U.S.C. §1446(d).

Dated this ____20 th____ day of October, 2000.

8

Respectfully submitted,


Jaime Saenz    *by permission MCSatell*
State Bar No. 17514859
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren Street
Brownsville, Texas 78520
956/542-7441 - Telephone
956/541-2170 - Telecopier

AND

**CLARK, THOMAS & WINTERS,**
**A Professional Corporation**
Burgain G. Hayes
State Bar No. 09271300
Chris Pearson
State Bar No. 15690440
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier


**ATTORNEYS FOR DEFENDANT**
**DAIMLERCHRYSLER CORPORATION**

9

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent by certified mail, return receipt requested to all parties of record, listed below, on this the _20th_ day of October, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, | § | |
| INDIVIDUALLY , AND AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF SANDRA GALVAN | § | |
| TAPIA, DECEASED, AND ON | § | |
| BEHALF OF ALL THOSE | § | |
| ENTITLED TO RECOVER | § | CIVIL ACTION NO. B-00-168 |
| FOR HER DEATH UNDER | § | |
| THE TEXAS WRONGFUL | § | |
| DEATH ACT | § | |
| | § | |
| V. | § | |
| | § | |
| DAIMLERCHRYSLER | § | |
| CORPORATION | § | |
| AND J&M MOTORSALES, INC. | § | |

## INDEX OF PLEADINGS FILED IN STATE COURT

COMES NOW Defendant DaimlerChrysler Corporation  and files this Index of Pleadings Filed in State Court and shows as follows:

On this day, Defendant DaimlerChrysler Corporation filed its Notice of Removal in the above-styled cause to this Court and submits this index of pleadings filed in this cause in state court:

| PLEADING | DATE FILED |
|---|---|
| 1.   Plaintiffs' Original Petition | 04/06/00 |
| 2.   DaimlerChrysler Corporation's Original Answer | 05-05-00 |
| 3.   Certificate of Written Discovery | 05-08-00 |
| 4.   Motion for Trial Settings | 05-08-00 |

5.    Order Setting Hearing on Motion for Trial Setting          05/22/00

6.    DaimlerChrysler Corporation's Responses to

      Plaintiffs' Notice of the Oral Deposition,

      Subpoena Duces Tecum (Re: Company's

      Knowledge of Hazard of Seatback

      Reclining in Rear Impacts Incidents)                       05-31-00

7.    DaimlerChrysler Corporation's Responses to Plaintiffs'

      Notice of the Oral Deposition, Subpoena Duces Tecum

      (Re: Cost/Consideration of Alternative Designs to

      Driver's Side Front Seat Design for "AS" Body

      Minivan Vehicles, Model Years 1984-1995)                   05-31-00

8.    DaimlerChrysler Corporation's Responses to Plaintiffs'

      Notice of the Oral Deposition, Subpoena

      Duces Tecum (Re: "AS" Body Product Planning)               05-31-00

9.    DaimlerChrysler Corporation's Responses to

      Plaintiffs' Notice of the Oral Deposition,

      Subpoena Duces Tecum (RE: Other Seatback

      Reclining Incidents)                                       05-31-00

10.   DaimlerChrysler Corporation's Responses to

      Plaintiffs' Notice of the Oral Deposition,

      Subpoena Duces Tecum (Re: Design & Development

CVMPDF - www.fastio.com

of 1984-1995- Driver's Front Seat & Seat Back

System Components & Modifications Thereto)          05-31-00

11.     DaimlerChrysler Corporation's Responses to

Plaintiffs' Notice of the Oral Deposition,

Subpoena Duces Tecum (Re: Advertisements

for 1984-1995 "AS" Body Minivan Vehicles)          05-31-00

12.     DaimlerChrysler Corporation's Responses to Plaintiffs'

Notice of the Oral Deposition, Subpoena Duces

Tecum (Re: Budget/Cost of "AS" Body Minivan Program)   05-31-00

13.     Defendant DaimlerChrysler Corporation's Responses to

Plaintiffs' Notice of the Oral Deposition, Subpoena

Duces Tecum (Re: E-Mail Concerning Paul Sheridan)     05-31-00

14.     DaimlerChrysler Corporation's Responses to Plaintiffs'

Notice of the Oral Deposition, Subpoena Duces Tecum

(Re: "AS" Body Product Planning)                      05-31-00

15.     Certificate of Written Discovery                      05-31-00

16.     Plaintiffs' Response to Defendant DaimlerChrysler

Corporation's Request for Disclosure                  05-31-00

17.     Plaintiffs' Motion to Compel Discovery From Defendant

DaimlerChrysler Corporation                           06-02-00

18.     DaimlerChrysler Corporation's Response to

CVMPDF - www.texlia.com

|     | Plaintiffs' Motion to Compel Deposition Notice | |
| --- | --- | --- |
|     | Regarding Paul Sheridan | 06-06-00 |
| 18. | DaimlerChrysler Corporation's Certificate of | |
|     | Written Discovery | 06-07-00 |
| 19. | Order Regarding Plaintiffs' First Motion to Compel | |
|     | Discovery from Defendant Daimler Chrysler Corporation | 06-07-00 |
| 20. | Order Regarding Plaintiffs' First Motion to Compel | |
|     | Discovery from Defendant DaimlerChrysler Corporation | |
|     | [Re: Email, re: Paul Sheridan] | 06-08-00 |
| 21. | DaimlerChrysler Corporation's Response to the | |
|     | Subpoena Duces Tecum, of the Witness, DaimlerChrysler | |
|     | Corporation (Re: E-Mail, Re: Paul Sheridan) & | |
|     | Compliance With This court's Order on Plaintiffs' | |
|     | First Motion to Compel | 07-11-00 |
| 22. | Scheduling Order | 08-03-00 |
| 23. | Agreed Protective Order | 08-14-00 |
| 24. | Plaintiffs' Designation of Expert Witnesses | 09-01-00 |
| 25. | Certificate of Written Discovery Dated | 09-14-00 |
| 26. | Defendant DaimlerChrysler Corporation's | |
|     | Designation of Expert Witnesses | 09-19-00 |
| 27. | Motion to Dismiss For Forum Non-Conveniens | 10-20-00 |

4

28.    Motion to Apply the Substantive Law of Tamaulipas,
       Mexico                                                          10-20-00

Respectfully submitted,


Jaime Saenz          M permisson
State Bar No. 17514859   MCPatalls
Federal Admissions No. 7630
*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
956/542-7441 - Telephone
956/541-2170 - Telecopier

AND

*CLARK, THOMAS & WINTERS,*
**A Professional Corporation**
Burgain G. Hayes
State Bar No. 09271300
Federal Admissions No. 9304
Chris Pearson
State Bar No. 15690440
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier

**ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION**

# CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent by certified mail, return receipt requested to all parties of record, listed below, on this the ~~20t~~ day of October, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

Jaime a Saenz
w permission
McAtwe

6

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **GENARO GALVAN HERNANDEZ,** | § | |
| **INDIVIDUALLY , AND AS** | § | |
| **REPRESENTATIVE OF THE** | § | |
| **ESTATE OF SANDRA GALVAN** | § | |
| **TAPIA, DECEASED, AND ON** | § | |
| **BEHALF OF ALL THOSE** | § | |
| **ENTITLED TO RECOVER** | § | |
| **FOR HER DEATH UNDER** | § | **CIVIL ACTION NO.** **B-00-168** |
| **THE TEXAS WRONGFUL** | § | |
| **DEATH ACT** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **DAIMLERCHRYSLER** | § | |
| **CORPORATION** | § | |
| **AND J&M MOTORSALES, INC.** | § | |

## NOTIFICATION OF ATTORNEYS OF RECORD

COMES NOW DaimlerChrysler Corporation, Defendant herein, and files this

Notification of Attorneys of Record and shows as follows:

Defendant DaimlerChrysler Corporation has this day filed its Notice of Removal

in the above-captioned cause from the M-298th  District Court of Dallas County, Texas,

to this Court.  The parties have appeared through their counsel of record as shown below:

Mikal Watts
State Bar No. 20981820
Ray Marchan
State Bar No.
*HARRIS & WATTS, P.C.*
555 N. Carancahua, Suite 1630
Corpus Christ, Texas 78478
361/887-0500

1

361/887-0055 FAX
**ATTORNEYS FOR PLAINTIFFS**

Burgain G. Hayes
State Bar No. 92713500
G. Robert Sonnier
State Bar No. 18847400
CLARK, THOMAS & WINTERS
A Professional Corporation
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Telecopier)

Jaime A. Saenz
State Bar No. 17514859
Federal Admissions No. 7630
*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
956/542-7441 - Telephone
956/541-2170 - Telecopier


**ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION**

Respectfully submitted,

_Jaimi A. Saenz_   H pursuant
Jaime Saenz                    MCPherson
State Bar No. 17514859
Federal Admissions No. 7630
*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
956/542-7441 - Telephone
956/541-2170 - Telecopier

AND

*CLARK, THOMAS & WINTERS,*
**A Professional Corporation**
Burgain G. Hayes
State Bar No. 09271300
Federal Admissions No. 9304
Chris Pearson
State Bar No. 15690440
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier

**ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION**

3

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent by certified mail, return receipt requested to all parties of record, listed below, on this the 20th day of October, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

Jaime A. Saenz
w/ permission
A. Cisneros

4

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GENARO GALVAN HERNANDEZ, | § | |
| INDIVIDUALLY , AND AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF SANDRA GALVAN | § | |
| TAPIA, DECEASED, AND ON | § | |
| BEHALF OF ALL THOSE | § | |
| ENTITLED TO RECOVER | § | CIVIL ACTION NO. **B-00-168** |
| FOR HER DEATH UNDER | § | |
| THE TEXAS WRONGFUL | § | |
| DEATH ACT | § | |
| | § | |
| V. | § | |
| | § | |
| DAIMLERCHRYSLER | § | |
| CORPORATION | § | |
| AND J&M MOTORSALES, INC. | § | |

## DAIMLERCHRYSLER CORPORATION'S
## NOTICE TO PLAINTIFFS OF FILING NOTICE OF REMOVAL

TO:   Plaintiffs Genero Galvan Hernandez, Individually, and as Representative of the Estate of Sandra Galvan Tapia, Deceased, and on Behalf of all those Entitled to Recover for Her Death Under the Texas Wrongful Death Act by and through their attorneys of record, Mikal Watts, Harris & Watts, 555 N. Carancahua, Suite 1400, C. Ogueri, Ogueri &Associates, P.C., 745 Meadows Building, 5646 Milton Street, Dallas, Texas 75206, 214/363-5857, 214/363-3043 FAX

You will please take notice that DaimlerChrysler Corporation hereinafter referred

to as Defendant in the above-styled and numbered cause, originally filed in the 357th

District Court of Cameron County, Texas, namely Corporation Cause No. C-5866098-G,

is filing in the United States District Court for the Northern  District of Texas, Dallas

Division, its Notice of Removal in the above-captioned cause from the said 357th District

5

Court of Cameron County, Texas, the United States District Court for the Southern

District of Texas, Brownsville Division.

Respectfully submitted,

*Jaime A. Saenz*

Jaime Saenz   *w/ permission*
State Bar No. 17514859   *McIstoll*
Federal Admissions No. 7630
*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
956/542-7441 - Telephone
956/541-2170 - Telecopier

AND

*CLARK, THOMAS & WINTERS,*
**A Professional Corporation**
Burgain G. Hayes
State Bar No. 09271300
Federal Admissions No. 9304
Chris Pearson
State Bar No. 15690440
700 Lavaca, Suite 900 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800 - Telephone
512/474-1129 - Telecopier

**ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was sent by certified mail, return receipt requested to all parties of record, listed below, on this the _20th_ day of October, 2000.

Mikal C. Watts
Harris & Watts, P.C.
Tower II Building
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ray Marchan
Harris & Watts, P.C.
1926 East Elizabeth
Brownsville, Texas 78520

Attached hereto you will find copies of said Notice of Removal.